[In admiralty. Libel in rem by the Alliance Insurance Company against the brig Morning Light to recover damages suffered by the schooner Jerry Fowler in collision, and paid by libelant as insurer. Libelant's motion to set aside an appraisement was granted, (Case No. 246a;) and the libel was thereafter dismissed, (Alliance Ins. Co. v. The Morning Light, Case No. 246b.) Libelant appeals. Affirmed.]

Benedict, Burr & Benedict, for appellant.
Beebe, Dean & Donohue, for appellees.

NELSON, Circuit Justice. The collision in this case occurred between the brig Morning Light and the schooner Jerry Fowler, on the morning of the 6th of August, 1855. Both vessels were going eastward, and were in Block Island channel, beating into Vineyard sound, the Fowler in advance; both had their starboard tacks on board, the wind easterly, about north by east. The vessels had been beating into the sound most of the night. Between three and four o'clock in the morning, the Fowler, having run out her tack, called all hands on deck to change her course. For this purpose her head was thrown into the wind, and while in that position, with sails aback, and under no headway, she was struck by the Morning Light on her starboard quarter, a little forward of the main rigging, and sunk. The night was dark and rainy, accompanied with fog, and the weight of the evidence pretty clear that the Fowler could not be seen, even with proper lookouts on the Morning Light, in time to have avoided the disaster. Both vessels appear to have been well manned, and navigated with accustomed care, and had proper lights. Of course, the hands on board the respective vessels, as usual, impute faults to each other, but each maintain the due and skilful navigation of their own vessel.

Mutual admissions of fault also are proved by witnesses from the respective vessels, to which we pay very little credit.

The state of the weather during the night and at the time of the collision is generally agreed by the witnesses on both vessels, though those on the Jerry Fowler attempt to modify somewhat the darkness. The second mate of the Fowler, Weston, says at 12 o'clock it was dark, foggy, and rainy, and at 1 o'clock fog cleared away; rain continued till 3 or 4 o'clock. When he called watch at 4 o'clock, he could see a good distance on the water,—three quarters of a mile, he supposes; could not fix the distance, but a good way off. The master. Lovejoy, says it had been raining the fore part of the night, but was partly cleared up at collision. The concurrent proof on the part of the witnesses from the Morning Light is, that the weather during the night was thick fog and raining; rain came in fog showers. The court below came to the conclusion that the disaster was the result of inevitable accident, and dismissed the libel. We concur in this conclusion.

Decree affirmed.

ALLIANCE LIFE INS. CO., (LOVELL v.)
[See Lovell v. Alliance Life Ins. Co., Case No. 8,552.]

## Case No. 247.

### The ALLIGATOR.

#### South Carolina.

[Cited in The Josephine, Case No. 7,546. Nowhere reported; opinion not now accessible. The original records of the court prior to 1860 have all been lost or destroyed.]

## Case No. 248.

### The ALLIGATOR.

[1 Gall. 145.][1]

Circuit Court, D. Massachusetts. May Term, 1812.[2]

ADMIRALTY — PRACTICE — DELIVERING PROPERTY ON BAIL—SUMMARY JUDGMENT ON BOND.

1. The district court, by virtue of its general admiralty jurisdiction, may deliver property on bail. Whether the security be taken by bond or stipulation is not material. On such security a summary judgment may be rendered.

[Followed in Nelson v. U. S., Case No. 10,-116.]
[Cited in McLellan v. U. S., Case No. 8,895; U. S. v. Four Part Pieces Woolen Cloth, Id. 15,150; The Ann Caroline v. Wells, 2 Wall. (69 U. S.) 549; U. S. v. Three Hundred Barrels Whiskey, Case No. 16,510; The City of Norwich, Id. 11,202; The Lynchburg, Id. 8,638; The Baltic, Id. 826; The Wanata v. Avery, 95 U. S. 616; U. S. v. Ames, 99 U. S. 41; The G. G. King, 16 Fed. 923.]

[2. Cited in Todd v. The Tulchen, 2 Fed. 603, to the proposition that the sureties cannot take advantage of any irregularity in the proceeding, but should be held to the terms of their obligation.]

[3. Cited in The Sydney, 47 Fed. 262, to the proposition that a bond is to all intents and purposes a stipulation in admiralty, and the liability of the parties is the same, whether the instrument is in the form of a bond or stipulation.]

[In admiralty. Libel for forfeiture against the brig Alligator, (Anthony Langford and others, claimants.) Decree in district court for condemnation. Claimants appeal. Decree affirmed, and judgment on bond given by claimants ordered for appraised value and costs.]

G. Blake, for the United States.
S. Hubbard, for claimants.

Before STORY, Circuit Justice and DAVIS, District Judge.

[1][Reported by John Gallison, Esq.]
[2][Affirming an unreported decree of the district court.]